UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CR00361 AGF/DDN |
| | ) |
| FRED W. ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SEVERANCE**

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District, and for its response to Defendant Robinson's Motion To Sever Counts 1-3 from Counts 4-8, respectfully states to this Honorable Court as follows:

Counts 1 - 3 of the Indictment against this defendant raise allegations of fraud and theft of state and federal education funds intended for the Paideia Academy, and diversion of Paideia Academy funds relative to defendant's development of a proposed Little People's daycare facility.  Defendant served as the Chairman of the Board for the Paideia Academy, and was an owner of the proposed Little People's facility.  Counts 4 - 8 of the Indictment against this defendant raise allegations of fraud and theft of Treasurer's Office funds based upon defendant's purported employment there and his submission of false time sheets.  As counsel for defendant is aware from discovery in this case, the government's evidence as to both the "Paideia scheme" and the "Treasurer's Office scheme" will substantially overlap.  As defense counsel knows, the

1

government intends to present evidence and call numerous witnesses associated with the Paideia Academy to testify not only concerning defendant's conduct relative to the "Paideia Scheme", but also to the fact that defendant was engaged full time at the Paideia Academy and in the development of the proposed Little People's facility and, therefore, was not engaged in any work or services for the Treasurer's Office, the "Treasurer's Office scheme". Further, the government intends to call numerous witnesses associated with the Treasurer's Office to testify not only concerning defendant's conduct relative to the "Treasurer's Office scheme", but also to the fact that defendant was engaged full time at the Paideia Academy. Put simply, the evidence underlying the "Treasurer's Office scheme" is the very evidence that defendant was engaged full time at the Paideia Academy and in developing the Little People's facility, the "Paideia Scheme". For example, and in addition to the overlapping witness testimony, the government's evidence of the GPS Tracker placed on defendant's vehicle supports and substantiates the allegations relative to the "Paideia Scheme" as well as the allegations relative to the "Treasurer's Office scheme", as the GPS Tracker evidence reveals that defendant was engaged full time at the Paideia Academy and in the development of the Little People's Academy, the "Paideia Scheme", at a time when he was submitting false time sheets claiming to be doing work for the Treasurer's Office, the "Treasurer's Office scheme".

     Rule 8(a) of the Federal Rules of Criminal Procedure allows joinder of offenses where two or more offenses ..."are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder is aimed at promoting judicial economy and, therefore, an important factor in determining whether transactions are connected is whether evidence supporting separate counts sufficiently overlaps so that the same evidence would be

admissible at separate trials if the counts were tried separately.  *See, e.g., United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477-78 (6th Cir. 2006)(joinder of two arson charges proper because "significant overlap of witnesses" and "evidence of the counts was intertwined"); *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007)(joinder proper in part because evidence for count of attempting to destroy federal building would be admissible in separate trial on counts of counterfeiting where counterfeit money was to be used to finance bombing scheme).  Rule 8(a) is to be viewed broadly to promote judicial economy.  *United States v. Taken Alive,* 513 F.3d 899, 902 (8th Cir. 2008)(applying broad construction of Rule 8(a) to promote judicial economy where defendant charged with two counts of assault); *United States v. Jones*, 530 F.3d 1292, 1298-99 (10th Cir. 2008)(favoring broad construction of Rule 8(a) when joining charges of bank fraud and conspiracy with drug-trafficking and firearm charges due to judicial economy and weight of evidence).  The indictment alleges in Count 1 that, during the period April 1, 2009 through at least November 10, 2010,  defendant Robinson "was the Chairman of the Board of Trustees for Paideia, maintained an office on the second floor of the school's administration building, and was involved in the day-to-day management and administration of the school."  The indictment alleges in Counts 7 and 8,during that same period of time, that defendant Robinson "submitted false weekly time sheets falsely certifying hours worked."  The crux of the allegation is that defendant was working full time at Paideia, and falsely claiming hours at the Treasurer's Office.  The government submits that substantial evidence underlying Counts 1-3 of the indictment, the "Paideia scheme", will be admissible to prove Counts 4-8 of the indictment,

the "Treasurer's Office scheme". Numerous witnesses who will be called to testify that defendant is guilty of the "Paideia scheme" will also provide essential evidence that defendant is guilty of the "Treasurer's Office scheme". The government will also submit substantial corroborating evidence of defendant's guilt in the "Paideia scheme", for example the GPS Tracker evidence, that will also be submitted to prove defendant's guilt in the "Treasurer's Office scheme".

Defendant further requests that this Court sever the "Paideia scheme" counts from the "Treasurer's Office scheme" counts, as trial of those counts together would substantially prejudice defendant. However, as stated above, the evidence as to each scheme is exceedingly

overlapping, inextricably intertwined, and should be admissible to prove the other scheme such that joinder is proper, and a severance is not necessary or appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, Robinson's Motion to Sever should be denied.

>Respectfully submitted,
>RICHARD G. CALLAHAN
>UNITED STATES ATTORNEY
>
>  /s/ Hal Goldsmith
>ASSISTANT UNITED STATES ATTORNEY
>111 South 10th Street, Suite 20.333
>St. Louis, Missouri 63102
>314.539.2200
>hal.goldsmith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Felicia Jones, Assistant Federal Public Defender.

>  /s/ Hal Goldsmith
>ASSISTANT UNITED STATES ATTORNEY