UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11CR00361 AGF/DDN |
| FRED W. ROBINSON, | ) ) ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District, and hereby responds to Defendant Robinson's Motion To Suppress Evidence. For the reasons discussed below, Robinson's motion should be denied.

1.　　Global Positioning System ("GPS") Tracker.

Defendant Robinson raises one argument in his Motion to Suppress; that all evidence derived from the government's GPS Tracker installed on defendant's vehicle should be suppressed. On or about January 22, 2010, Special Agents of the FBI installed a GPS Tracker on defendant's vehicle while the vehicle was parked on a public street. The GPS Tracker was a small device, had its own battery supply, and was not "hard wired" into defendant's vehicle's battery or electrical system. The GPS Tracker could not determine who was driving the vehicle, nor make any observations of the interior of the vehicle. The GPS Tracker solely obtained and recorded data relative to the movement and location of defendant's vehicle until on

or about March 17, 2010, when the device was removed by FBI Special Agents, again while the vehicle was parked on a public street.  FBI Special Agents conducted physical surveillance of defendant and his vehicle before, during, and after the time during which the GPS Tracker was on defendant's vehicle.  The FBI agents were investigating allegations that defendant Robinson, a purported employee of the St. Louis Treasurer's Office, was in fact not performing any work for that Office, but turning in false weekly time sheets as part of a scheme to defraud and obtain money from that Office. The GPS Tracker operated with an antenna that had to "see the sky" in order to operate, such that the GPS Tracker could not collect and record data if defendant's vehicle was in a garage or other roofed enclosure.  At no time during the period when the GPS Tracker was obtaining and recording data on defendant's vehicle was defendant's vehicle located in a private garage or other enclosure, and the vehicle was always in a location where passers by could physically observe the vehicle.   On or about September 8, 2011, a federal grand jury indicted defendant Robinson on the instant charges, including four (4) counts of Federal Program Theft relative to defendant's submission of "false weekly time sheets falsely certifying hours worked" to the Treasurer's Office, including during the period when the GPS Tracker was on defendant's vehicle.

      Defendant argues that the GPS Tracker used by the agents in their investigation violated his Fourth Amendment rights.  However, a person traveling in a vehicle on public streets has no reasonable expectation of privacy in his vehicle's movements from one place to another and, thus, there can be no Fourth Amendment violation. *United States v. Knotts*, 460 U.S. 276, 281 (1983)(a radio transmitter placed in container within a vehicle allowed agents to trace movements of defendants from Minnesota to Wisconsin.)  When an individual travels over

public streets, he voluntarily conveys to anyone who wants to know, the fact of whatever stops he made, and the fact of his final destination if and when he exited from public roads onto private property. *Id.* Unless the monitoring device reveals "a critiacal fact" about the interior of a premises and instead only reveals information voluntarily conveyed there is no violation. *United States v. Karo*, 468 U.S. 705, 715 (1984)(radio transmitter placed can that was able to provide location information from inside a premises.)

In *United States v. Marquez,* 605 F.3d 604, 609-10 (8th Cir. 2010), the Eighth Circuit Court of Appeals found that a GPS Tracker similar to the one used in the instant case did not violate the Fourth Amendment. While the appellant in *Marquez* was in fact a passenger in the vehicle at issue, the Court, citing *Knotts*, *supra,* determined that even had Marquez been the owner and operator of the vehicle, as defendant Robinson was here, "a person traveling via automobile on public streets has no reasonable expectation of privacy in his movements from one locale to another." *Id.* While the GPS Tracker in the instant case was only used for less than two (2) months, the GPS Tracker approved in *Marquez* was used for approximately six (6) months. Likewise, the Seventh Circuit Court of Appeals has found that a warrantless placement of a GPS Tracker similar to the one at issue here on the underside of a vehicle did not violate the Fourth Amendment. *United States v. Garcia*, 474 F.3d 994, 996-98 (7th Cir. 2007). *See also, United States v. Pineda-Morena*, 591 F.3d 1212 (9th Cir. 2010).

Defendant's further suggestion that use of the GPS Tracker here violated defendant's First Amendment guarantee of freedom of association is without merit. The agents were not concerned with *who* defendant associated himself with, and the GPS Tracker did not record any data in that regard. The data collected simply showed defendant's vehicle's movements, and

corroborated other evidence that defendant's weekly time sheets submitted to the Treasurer's Office were false.

## CONCLUSION

For the foregoing reasons, Robinson's Motion to Suppress should be denied.

Respectfully submitted,
RICHARD G. CALLAHAN
UNITED STATES ATTORNEY

  /s/ Hal Goldsmith
ASSISTANT UNITED STATES ATTORNEY
111 South 10th Street, Suite 20.333
St. Louis, Missouri 63102
314.539.2200
hal.goldsmith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Felicia Jones, Assistant Federal Public Defender.

  /s/ Hal Goldsmith
ASSISTANT UNITED STATES ATTORNEY