IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:11 CR 361 AGF / DDN |
| | ) |
| FRED ROBINSON | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant Fred Robinson, through his attorneys Assistant Federal Public Defender Felicia A. Jones and Diane Dragan, files his objections to the magistrate's Report and Recommendation regarding his Motion to Dismiss, Motion to Sever Counts and Motion to Suppress Evidence.

Motion to Dismiss

Mr. Robinson filed a Motion to Dismiss Counts IV through VIII of the Indictment for failure to state a claim pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) and the commerce clause. The magistrate denied his Motion by first noting that 18 U.S.C. §666 was enacted under the Spending Clause and the Necessary and Proper Clause. *Sabri v. United States*, 541 U.S. 600, 605 (2004). Additionally, the magistrate held the determination of whether Mr. Robinson's salary was bone fide was a question for the jury. Mr. Robinson respectfully disagrees with the magistrate's ruling and requests that this Court dismiss Counts IV, V, VI, VII and VIII of the indictment.

Motion to Sever Counts

Mr. Robinson disagrees with the Court's finding that joinder was proper under Rule 8(a).

Joinder must appear on the face of the indictment. *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982). The Court should not look beyond the allegations in the indictment to determine whether joinder is proper. *United States v. Lane*, 474 U.S. 438, 447 (1986). The defendant argued in his motion that the two sets of counts were distinct separate acts, occurring in different locations with no overlapping evidence. The magistrate, however, found "in a very general way, all of the counts in the indictment are of a similar character (obtaining money by fraudulent activity) and the allegations in the indictment temporally overlap. (Report and Recommendation, p. 9). Mr. Robinson contends this is incorrect. "Even if it be assumed that the charged felonies are of the same or similar character, that is the weakest basis for joinder of offenses." *United States v. Harris*, 805 F.Supp. 166, 182 (S.D.N.Y. 1992). Although both types of offenses in this case involve money, they are not similar and there is not enough to establish joinder on the face of the indictment. In a similar case, joinder was found to be improper for a defendant charged with two types of robberies. *United States v. Reaves*, 2009 WL 3643476 (D.Neb. 2009). The court found that the counts should be severed because bank robbery is qualitatively distinct from an armed car robbery even though both involve stealing money. *Id.* at *3. Here although both sets of counts involve money, that is not enough to establish joinder and therefore Mr. Robinson requests this Court to enter an Order severing Counts I, II and III from Counts IV, V, VI, VII and VIII.

      The defendant also renews his argument that he would be prejudiced if the counts remained joined. As the magistrate noted, "defendant's prejudice argument is strong." (Report and Recommendation, p. 10). Mr. Robinson asserts that evidence for the first set of counts would not be admissible in a separate trial on the remaining counts and the prejudice of a joint trial far outweighs whatever judicial economy may be gained in a joint trial. *See United States v. Chavis*,

2

296 F.3d 450, 460 (6th Cir. 2002)(if the offenses arise out of separate and unrelated transactions, there is likely to be little saving in time and money in having a single trial).

Motion to Suppress

Defendant filed a Motion to Suppress Evidence obtained from the government's warrantless use of a global positioning system (GPS).  The court agreed that this same issue is currently before the Supreme Court in *United States v. Jones*, 131 S.Ct. 3064 (2011).  Mr. Robinson's argument was based on both his First and Fourth Amendment rights.

The Report and Recommendation gave a very thorough analysis of the defendant's Fourth Amendment arguments, but found that neither a search nor a seizure occurred within the meaning of the Fourth Amendment.  (Report and Recommendation, p. 15, 17).  This holding was based upon Eighth Circuit precedent in *United States v. Marquez*, 605 F.3d 604 (8th Cir. 2010) and the Seventh Circuit in *United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007).  Because the defendant's argument is very similar to the one presently before the Supreme Court, Mr. Robinson objects to the magistrate's holding on this issue in order to preserve his rights.  The defendant also objects to the court's finding regarding his First Amendment argument and continues to assert that the use of the GPS device violated his right under the First Amendment to keep his associations private.  *NAACP v. Alabama*, 357 U.S. 449 (1958).

Respectfully submitted,

/s/Felicia A. Jones
FELICIA A. JONES

/s/Diane L. Dragan
DIANE L. DRAGAN

3

        Assistant Federal Public Defender
        1010 Market Street, Suite 200
        St. Louis, Missouri 63101
        Telephone: (314) 241-1255
        Fax: (314) 421-3177
        E-mail: Felicia_Jones@fd.org
              Diane_Dragan@fd.org

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2012 , the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Hal Goldsmith, Assistant United States Attorney.


        /s/Felicia A. Jones
        FELICIA A. JONES
        /s/Diane L. Dragan
        DIANE L. DRAGAN

        Assistant Federal Public Defenders