UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CR00361 AGF/DDN |
| | ) |
| FRED W. ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S REQUEST FOR SUPPLEMENTAL BRIEFING
ON DEFENDANT'S MOTION TO SUPPRESS GPS TRACKING EVIDENCE**

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District, and in support of its Request for Supplemental Briefing on Defendant's Motion to Suppress GPS Tracking Evidence (doc. 27), respectfully states to this Honorable Court as follows:

1. In the instant case, defendant sought the suppression of the government's evidence obtained through the warrantless use of a GPS tracking device placed upon defendant's automobile. The GPS tracking device was installed on the defendant's automobile on January 22, 2010, and removed on March 17, 2010. This issue was briefed and argued before Magistrate Judge Noce, who issued his Report and Recommendation (doc. 36) on December 27, 2011. In his Report and Recommendation, Magistrate Judge Noce found that placing the GPS tracking device upon defendant's automobile, and tracking the automobile's subsequent movements did not violate the Fourth Amendment, citing *United States v. Marquez*, 605 F.3d 604 (8th Cir. 2010),

1

as well as cases from several other Circuit Courts, including the Fifth, Seventh, and Ninth.

2.  On January 23, 2012, the Supreme Court issued its opinion in *United States v. Jones,* No. 10-1259, finding that the government's attachment of a GPS tracking device to a vehicle, and its use of that device to monitor the vehicle's movements, constitutes a search under the Fourth Amendment requiring a court ordered warrant.

3.  In *Davis v. United States,* 131 S.Ct. 2419 (2011), the Supreme Court examined whether evidence obtained during a vehicle search by officers acting in reliance upon controlling appellate court precedent should be suppressed where, subsequent to the officers' search, the Supreme Court issued an opinion, *Arizona v. Gant*, 129 S.Ct. 1710 (2009), finding that such a search would be in violation of the Fourth Amendment.  The *Davis* Court refused to suppress the evidence, finding that the exclusionary rule does not apply to suppress evidence obtained during a search conducted in reasonable reliance on appellate court precedent.  *Davis*, at 2429.  In the instant case, in attaching the GPS tracker to defendant's automobile without a warrant, and tracking the automobile's movements through use of the GPS tracker, the agents relied upon and strictly adhered to then controlling appellate court opinions that addressed the specific issue and which had found no requirement for a court ordered warrant.  *See*, *United States v. Garcia*, 474 F.3d 994, 996-98 (7th Cir. 2007); *United States v. McIver*, 186 F.3d 1119, 1226-27 (9th Cir. 1999); *United States v. Pineda-Morena*, 591 F.3d 1212 (9th Cir. 2010).  At the time the agents here utilized the GPS tracker on defendant's automobile, the government was unaware of any appellate court that had determined that a warrant was required to place such a tracker on a vehicle.  Subsequently, the Eighth Circuit can be found to have ratified the agents' conduct here in a case with markedly similar underlying facts, *United States v. Marquez*, 605 F.3d 604 (8th

Cir. 2010), following and applying the logic of the Seventh and Ninth Circuits in finding that a warrant was not required for the placement and use of a GPS tracker.  *See also*, *United States v. Hernandez,* 647 F.3d 216, 220 n.4 (5th Cir. 2011); *United States v. Cuevas-Perez*, 640 F.3d 272, 273 (7th Cir. 2011).  The District of Columbia Circuit Court of Appeals' opinions underlying *Jones* and which found a warrant requirement, *United States v. Maynard,* 615 F.3d 544(D.C. Cir. 2010) and *United States v. Jones*, 625 F.3d 766 (D.C. Cir. 2010) were not issued until approximately seven months *after* the agents here had installed the GPS tracker.   Thus, it is the government's position, relying upon *Davis*, *supra*, that the Supreme Court's recent opinion in *Jones* does not require the exclusion of the GPS tracking evidence in the instant case.  The agents here acted reasonably and responsibly, and with the good faith belief that their conduct was lawful, and there is no need to deter their innocent conduct through application of the exclusionary rule.

   4. Defendant, in his objections to the Magistrate Judge's Report and Recommendation, has raised the *Jones* case and at least suggested that the Supreme Court's opinion in that case will be in some way controlling here.

   5. Thus, with the Supreme Court now having decided *Jones,* the government suggests and requests that both parties be allowed additional time to brief this suppression issue before this Court makes a final determination and ruling.  Counsel for defendant, Felicia Jones, has no objection to this motion.

   WHEREFORE, the United States respectfully requests that this Court grant both parties additional time within which to file supplemental briefs on the issue of defendant's motion to

suppress evidence obtained through the government's use of a GPS tracker and for such other relief as this Court deems proper under the circumstances.

>Respectfully submitted,
>
>RICHARD G. CALLAHAN
>UNITED STATES ATTORNEY
>
>     /s/ Hal Goldsmith
>ASSISTANT UNITED STATES ATTORNEY
>111 South 10th Street, Suite 20.333
>St. Louis, Missouri 63102
>314.539.2200
>hal.goldsmith@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

>Felicia Jones and Diane Dragan, Assistant Federal Public Defenders.

>     /s/ Hal Goldsmith
>ASSISTANT UNITED STATES ATTORNEY