UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:11 CR 00361 AGF |
| vs. | ) | |
| | ) | |
| FRED W. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, and for its Sentencing Memorandum, states to this Honorable Court as follows:

1.      By any standard or measure, defendant Fred Robinson's criminal conduct calls for a lengthy and significant prison sentence.  Application of the United States Sentencing Guidelines here advises a sentence of 46 to 57 months' imprisonment.  The government submits that anything less would ignore the extent of defendant's criminal conduct and the substantial harm defendant's conduct caused to the public.

2.      Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.  The first such factor to be considered is the nature of the offense, 18 U.S.C. 3553(a)(1).  In this case, defendant carried out two separate but related fraudulent schemes that victimized and diverted substantial funds away from both the school children attending the Paideia Academy Charter School and the residents and taxpayers of the City of St. Louis.  Defendant held a position of trust as Chairman of the Board of the Paideia Academy.

1

As the evidence at trial proved, and the jury's verdicts reflect, through defendant's fraudulent scheme to develop a pre-kindergarten day care center to benefit himself and his friend Latasha Paige, defendant diverted approximately $250,000 in federal and state education funds from their intended purpose which was to benefit the students attending Paideia Academy.  Numerous witnesses testified at trial that those diverted public education funds should have been used for much needed improvements to Paideia Academy and for additional teaching resources for the enrolled children.  Instead, defendant used his position as Chairman of the Board with authority over the finances and operations of the school to divert those funds to a private business venture for his and Ms. Paige's personal benefit.  Defendant's theft and embezzlement of public education funds for his own personal use was not only criminal, but also reveals a high level of arrogance on the part of the defendant who treated the Paideia Academy coffers as his own personal piggy bank. The substantial harm to the Paideia Academy students, the intended beneficiaries of the diverted public education funds, cannot be disputed.

3.       While carrying out his fraudulent scheme to divert the Paideia Academy funds, the evidence at trial proved, and the jury's verdicts reflect, that defendant was also submitting false and fraudulent timesheets to the City of St. Louis, falsely representing that he was performing work as a parking meter inspector through the Treasurer's Office Parking Division.  Defendant submitted those false and fraudulent timesheets week after week, month after month, and year after year, all the while being paid approximately $35,000 each year by the City of St. Louis based upon those false timesheets.  The substantial amount of funds defendant stole from the City through his fraud, approximately $180,000, could have and should have been used to pay for city services and improvements for the benefit of the city's residents, the real victims of defendant's crimes.

2

4.     Looking at the nature and circumstances of defendant's offenses under any imaginable standard, this Court should view them as serious offenses, requiring an appropriately serious punishment to include a lengthy period of imprisonment within the United States Bureau of Prisons.

5.     This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B).  Defendant was the Chairman of the Board of a public charter school in the City of St. Louis.  He was also a public employee of the City of St. Louis.  This Court should fashion a significant punishment not only to deter this defendant from future criminal conduct, but in order to deter other individuals in similar public   positions from committing similar crimes. Unfortunately, one need only  look to the many recent prosecutions right here in the Eastern District of Missouri involving city and county officials to grasp the significance of these types of crimes to our society, and the need for adequate punishment to deter these type of defendants and others. Some recent examples of embezzlement and fraud by city and county officials, to name just a few, include the City Administrator of Brentwood, Missouri, the Chairman of the St. Louis County Planning Commission, the City Clerk for Calao, Missouri, the County Collector for Schuyler County, Missouri, both the Mayor and Fire Chief of Kinloch, Missouri, employees of the St. Louis Treasurer's Office, and the Deputy Commissioner for Parks and the Chief of the Park Rangers for the City of St. Louis.  In their positions of trust, individuals like the defendant are given both access to public funds as well as supervision over those individuals responsible for insuring the proper use of those public funds.  While the majority of like situated individuals carry out their duties and obligations in a legal and aboveboard fashion, some, like defendant, believe they can steal, embezzle, and defraud without facing any consequences if caught.  It is a risk they choose to take,

3

and it is a risk that should result in significant consequences in order to provide an adequate deterrent effect. The government submits that a significant prison sentence in this case will have that desired deterrent effect.

6.      Defendant has an advisory guideline sentence under the United States Sentencing Commission Guidelines of 46-57 months in prison.  The government submits that there is absolutely no basis whatsoever in the law or the underlying facts and circumstances here that would justify a *downward* variance to a sentence less than the advisory guideline sentence.  It is the government's position that justice and fairness require a lengthy sentence of imprisonment in this case.  As a direct result of defendant's criminal conduct, the adverse impact upon the students who attended Paideia Academy and the residents of the City of St. Louis who rely upon public services has been substantial.  This is *not* a victimless crime.  The moneys stolen by defendant were intended for the operations of a public charter school and the residents living within the City of St. Louis.  Our public officials and employees should be held accountable for their criminal conduct by appropriate prison sentences; the victims deserve it, and fairness and justice require it.

7.      In fashioning an appropriate sentence here, this Court needs to have a full and clear understanding of the adverse impact defendant's criminal conduct has had on the victims.  Attached as Government Exhibit 1 to this Sentencing Memorandum are three (3) letters which articulate in a way that the undersigned cannot the truly substantial and harmful impact defendant's criminal conduct had upon the school system and the residents of St. Louis.  Mayor Slay notes that this defendant's criminal conduct and acts of public corruption "create a lasting blemish upon government and upon the stature of thousands of [public] officials and employees who serve with integrity".  The Mayor notes that defendant's conduct "serves to sour the public's perception of all

City employees, the overwhelming, vast majority of whom are honest, diligent and hard-working". Mayor Slay also notes that defendant's theft of Paideia Academy funds "served to undermine the reputation of City charter schools at a critical time, just as this important educational alternative was gaining traction in the St. Louis community". Finally, Mayor Slay notes that "public corruption of this type ensnares thousands: the taxpayers who pay the bill, the honest government employees whose job stature is blemished, the parents and children who rely on charter schools, and the citizenry whose trust in government erodes". Jocelyn Strand of the Missouri Department of Elementary & Secondary Education notes that the public education funds stolen by defendant from Paideia Academy "should have been used to fund educator salaries, facility improvements, technology, textbooks and other items critical for students in the charter school. Robinson's action was a gross disservice to these school children". Philip Rosenfelt of the United States Department of Education notes that the public education funds stolen by defendant were intended "for serving academically at-risk students residing in areas in which there are high concentrations of low-income students" and that the "theft represents educational opportunities lost to the deserving children of Paideia and the State of Missouri".

8.     Only a lengthy prison sentence will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to an appropriate term of imprisonment within the advisory guideline range, without a downward variance, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Felicia Jones and Diane Dragan, Federal Public Defenders.


/s/ Hal Goldsmith
HAL GOLDSMITH
Assistant United States Attorney

6